HARRY SCHWARTZ, RELATOR, v. THE MAYOR AND AL-
DERMEN OF JERSEY CITY ET AL., RESPONDENTS.

Argued January 18, 1928—Decided April 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Lichtenstein, Schwartz & Friedenberg*.

For the respondents, *Thomas J. Brogan* and *Charles Hershenstein*.

PER CURIAM.

We do not regard this as a zoning case. It comes before us on a rule to show cause why a writ of *mandamus* should not be issued directing the issue to the relator of a building permit authorizing and permitting the relator to improve and repair the first story of a brick garage, and to remove a

frame second story thereof, situated on the land of the relator, at Nos. 186-188 Myrtle avenue, in Jersey City. The property fronts fifty feet on Myrtle avenue and has a depth of ninety feet. In the rear of the premises there is located a two-story building. The first story accommodates eight cars and is of brick construction. The second story is of frame construction divided into two apartments. The building has been there for twenty years. It required repairing. The relator engaged a licensed architect to prepare plans for the repair and improvement of the building. In December, 1926, the relator filed plans with the building department, and a permit was granted. The relator notified the tenants to move from the property. He experienced trouble in getting possession and did not get possession until June, 1927. The relator was then ready to commence work when the bureau of combustibles of Jersey City served a notice upon him that it would not renew the garage permit allowing the storage of automobiles, and ordered the removal of the automobiles from the garage premises within five days from June 6th, 1927. The bureau gave as its reason for this that a portion of the building was frame, and was occupied for dwelling purposes. There was a wooden stairway which led from the garage to the apartments. The relator then determined to do away with the frame structure, so he procured the architect to draw new plans which eliminated the frame structure and the stairway complained of by the bureau of combustibles. These plans were in conformity with the building code of Jersey City. They were filed with the building department on July 9th, 1927, and met with the approval of the building department, which, however, refused to issue a permit, stating that it had received a letter from an attorney representing a property owner in the neighborhood who objected to the issuing of such permit and demanded a public hearing. A public hearing was given by the board of commissioners on October 19th, 1927. Some people in the vicinity objected to the granting of the building permit as they were not in favor of having a garage in the neighborhood. The commissioners deferred action, and have never granted the permit.

The respondents make but two contentions in the brief filed in their behalf. The first is that the delay or refusal to grant the permit is justifiable because of a zoning ordinance. To that it is sufficient to say that it is not made to appear at all that there is any zoning ordinance which affects the property of the relator. No such ordinance was offered in evidence or printed or otherwise made to appear, there being no stipulation respecting it, and nothing in the evidence showing that a garage is in any way prohibited at the point in question.

The other contention is that the fire hazard ordinance is applicable. In view of the fact that the present plans for the proposed repairs eliminate the very thing that the bureau of combustibles based its action upon it would seem that this question was disposed of.

A peremptory writ of *mandamus* will be awarded, with permission to so mould the pleadings as to permit of review if a review is desired.